## STATE OF FLORIDA v JAMES

Case No. 89-87AC A02 (County Court Case No. 89-11690 TC A02)

Fifteenth Judicial Circuit, Palm Beach County

June 24, 1990

### APPEARANCES OF COUNSEL

**David H. Bludworth, Esquire,** State Attorney and **Robert S. Jaegers, Esquire,** Assistant State Attorney, for appellant.

**Thomas C. Gano, Esquire,** Lubin and Mincberg, P.A., for appellee.

Before WENNET, COLBATH, SHOLTS, JJ.

### OPINION OF THE COURT

WENNET, J.

The State appeals an Order suppressing the results of a blood test

administered pursuant to Section 316.1933(1), Florida Statutes, which Order determined that there was neither serious bodily injury nor death involved in the traffic accident before the lower Court. Because the trial judge based his decision upon facts as they existed at the time of the suppression hearing as opposed to the time of the accident, we reverse.

On March 20, 1989 appellee CHARLES J. JAMES (JAMES), was involved in a traffic accident in which he struck the rear of another vehicle parked on the side of the road. When Deputy Sheriff Denise Capone (CAPONE) arrived to investigate, the vehicles were still at the scene but the people involved in the accident had already been transported to separate hospitals. Since she was not told which passengers were transported where, she went to the closest hospital first.

Upon arrival, she questioned JAMES and his passenger, Ed Gilbert. During JAMES' interrogation, CAPONE noticed a strong odor of alcohol on his breath. Further, she observed that his eyes were bloodshot and glassy, and his speech was slurred. JAMES stated he was the driver and in actual physical control of one of the vehicles. CAPONE then attempted to question Mr. Gilbert, whom she observed had a bad cut along the top of his head. Mr. Gilbert's face and clothes were covered with blood. CAPONE was unable to conduct a thorough interview with Mr. Gilbert because he was receiving medical attention for his injuries. Further, the medical staff was unable to provide any professional conclusions since they were still treating Mr. Gilbert. The medical personnel were unsure of Gilbert's condition because it was too early to make any determination. Acting on the above information, CAPONE requested that a lab technician draw blood from JAMES to test his blood alcohol level. At this time, CAPONE perceived Mr. Gilbert's head injury to be serious and believed it would leave a scar, even though she did not see the actual size or depth of the cut itself. It was her belief, based upon her observations and the information available at the time, that Mr. Gilbert's condition was serious.

At the hearing, the trial judge granted JAMES' motion to suppress the blood test results on the grounds that there was "insufficient evidence to establish a mandatory request for blood under Florida Statutes 316.1933 in that there was not serious bodily injury or death involved in the accident."

The State can involuntarily draw blood from a suspect provided that reasonable means and procedures are used. *Schmerber v California,* 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966). Pursuant to Florida Statutes 316.1933(1), a police officer may order blood drawn only if the

officer has probable cause to believe that a motor vehicle driven by a person under the influence of alcohol has caused the death or serious bodily injury of a human being. The applicable statute, Section 316.1933(1), defines "serious bodily injury" as:

an injury to any person, including the driver, which consists of a physical condition that creates a substantial risk of death, serious personal disfigurement, or protracted loss or impairment of the function of any bodily member or organ. Section 316.1933(1), Florida Statutes (1987).

Probable cause exists under Section 316.1933(1) to order a blood test if:

the officer, based upon reasonably trustworthy information, has knowledge of facts and circumstances sufficient to cause a person of reasonable caution to believe that the suspect driver was under the influence of alcoholic beverages at the time of the accident and caused the death or serious bodily harm of a human being. *Jackson v State,* 456 So.2d 916, 918 (1984).

Such probable cause determination must be based upon objective facts and circumstances, as found to exist at the time the blood was ordered to be drawn. Whether or not an actual injury or death later results is not the test. The only condition the officer must fulfill is whether, based on objective facts, a reasonably prudent person would believe there is a "substantial risk of serious personal disfigurement" at the time the blood was drawn. The trial court erred in using the end result of Gilbert's injury to determine probable cause; this determination by hindsight is precluded by statute and is improper. Deputy Capone was entitled to make her decision based on the facts and circumstances as she found them. This Court would reach a different result if Mr. Gilbert's emergency medical treatment had been completed. If this had occurred, the officer would have had an obligation to make a reasonable inquiry from the treating physician as to the risks of scarring and disfigurement. However, in this case, the medical staff was still treating Mr. Gilbert and trying to determine his condition themselves. Accordingly, she neither had a duty to interrupt the hospital staff with questions nor to wait a lengthy time until they were done, in view of the rapid decrease in JAMES' blood alcohol level with the passage of time.

Viewing the facts as Deputy CAPONE did at the time of her probable cause determination we therefore hold she had sufficient trustworthy information to cause a reasonably prudent person to believe there was a substantial risk that Mr. Gilbert had suffered

68

"serious personal disfigurement" as required by Section 316.1933(1), Florida Statutes.

The Court finding that Florida Statutes 316.1933(1) allowed the State to require JAMES to submit to a blood test, the Court accordingly determines that any issue relating to Florida Statute 316.1932 and implied consent is moot.

The Order suppressing the blood test results is reversed and the case remanded for additional proceedings not inconsistent with this opinion.

COLBATH and SHOLTS, JJ., concur.